TORRES, RECURRENTE, *v.* REGISTRADOR DE ARECIBO, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Arecibo denegatoria de la inscripción de un expediente posesorio.

No. 467.—Resuelto en julio 30, 1920.

EXPEDIENTE POSESORIO—CITACIÓN A EL PUEBLO DE PUERTO RICO—CITACIÓN A COLINDANTES.—Cuando El Pueblo de Puerto Rico en su calidad de colindante de una finca debe ser citado en un expediente posesorio, tal citación debe hacerse al Gobernador de la Isla, y si el expediente se tramita y se aprueba sin citarse al Gobernador, está justificado el registrador al negarse a inscribir el expediente.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. V. Polanco de Jesús.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Sinforoso Torres inició en la Corte Municipal de Ciales un expediente para acreditar la posesión de una finca rústica

situada en el barrio de "Cordillera" del término municipal de Ciales, colindante por el norte con terrenos de El Pueblo de Puerto Rico. Al citarse a los colindantes, se citó a El Pueblo de Puerto Rico en la persona del Fiscal del Distrito de Arecibo. El expediente fué finalmente aprobado y al llevarse al registro para que se inscribiera en el mismo, el registrador se negó por no aparecer debidamente citado el colindante del norte, o sea El Pueblo de Puerto Rico. No conforme con la negativa, apeló Torres para ante esta Corte Suprema.

La Ley Hipotecaria vigente en Puerto Rico, en su artículo 390 exige que los expedientes posesorios se tramiten con audiencia del Ministerio Fiscal y citación de los propietarios colindantes. "La intervención del Ministerio Fiscal," según las propias palabras del legislador, "se limitará a procurar que se guarden en el expediente las formas de la ley." No es en ese sentido que se discute en este caso la personalidad del fiscal del distrito. La cuestión a resolver es la de si dicho funcionario tiene o no la representación de El Pueblo de Puerto Rico para aceptar una notificación cuando la ley exige que se notifique al propietario de un bien inmueble y el propietario es El Pueblo de Puerto Rico.

A nuestro juicio no la tiene. En tal caso el verdadero representante de El Pueblo es el Gobernador asesorado de su "consejero legal," el Fiscal General de Puerto Rico. Véanse los artículos 12 y 14 del Acta Orgánica de 1917.

El artículo 93, No. 5 del Código de Enjuiciamiento Civil, dice: Que la citación se hará mediante entrega de una copia de la demanda, como sigue:

"Si contra el Gobierno de Puerto Rico, al Gobernador de Puerto Rico, o si contra cualquier municipio de la isla, al alcalde de dicho municipio."

Y esta Corte Suprema, en el caso de *Saurí y Subirá*, v. *Sepúlveda*, hizo y aplicó la siguiente cita:

"En una acción seguida contra el Estado, o en la cual es parte

un Estado, las diligencias deben notificarse al Gobernador y al Attorney General del Estado; y a falta de disposiciones estatutorias especiales sobre la materia, parece ser suficiente con que la notificación se haga a cualquiera de estos funcionarios.'' Véase 25 D. P. R. 242–244.

Se dirá que aquí no se trata de un pleito sino de un expediente de jurisdicción voluntaria. Sin embargo, la citación se hace a los propietarios de los predios colindantes para darles una oportunidad de oponerse si es que la solicitud del peticionario perjudica su derecho. Y en muchas ocasiones los propietarios se oponen y entonces el expediente se convierte en contencioso. De todos modos es más prudente y más eficaz, para los mismos interesados, que se exija en estos casos el extricto cumplimiento de la ley.

Hemos examinado el caso de *González* v. *El Pueblo,* 10 D. P. R. 483. La jurisprudencia en él establecida no es aplicable. Allí se trataba de expedientes de dominio y se resolvió que no era necesario citar al Gobernador en todos los casos, bastando la intervención del fiscal. Aquí se trata de un expediente posesorio y la cita al Gobernador no se exige por el hecho de tramitarse el expediente, sino por la circunstancia especial de ser El Pueblo de Puerto Rico uno de los propietarios colindantes.

Sostiene, por último, el recurrente, que a lo sumo debió calificarse el defecto como subsanable e inscribirse con el defecto el título. No estamos conformes. La falta de citación del colindante vicia de nulidad el expediente. La declaración final se dicta bajo la base de que el colindante fué citado y si en verdad no lo fué, cae por su base la resolución.

Debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.